KITTEL v. SCHMIEDER et ux.

(Supreme Court, Appellate Division, Second Department.   December 30, 1903.)

1. MORTGAGES—DURESS—EVIDENCE.
    In mortgage foreclosure a showing that the mortgagee had represented to the mortgagor that her husband had obtained the mortgagee's property by false representations, and had endeavored to get her to pledge her property as security for return of the property obtained by the husband, did not amount to a showing of duress.

2. SAME—ALLEGATIONS OF ANSWER—ISSUES.
    In a suit to foreclose a mortgage for $30,000 the answer admitted an indebtedness of $15,000, but alleged, that the mortgagee had falsely represented that the mortgagor's husband was indebted to him for $15,000, which was a charge on the mortgagor's land, whereby she had made the mortgage for $30,000.   Held, that under such allegations it was error to find the mortgage wholly void for misrepresentations.

3. SAME—EVIDENCE—FAILURE TO OBJECT—WAIVER.
    The fact that evidence as to the misrepresentations was received without objection did not warrant a finding that the mortgage was wholly void, it being admissible on the issue made by the answer that it was in part void.

Appeal from Special Term, Westchester County.

Suit by Joseph J. Kittel against Louis E. Schmieder and another. From a judgment for plaintiff granting insufficient relief, he appeals. Reversed.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

John A. Straley, for appellant.
Isaac N. Mills, for respondents.

PER CURIAM.   The plaintiff appeals from this judgment on the ground that it is not sufficiently favorable to him.   The suit was brought to foreclose several instruments which are conceded to constitute as between the parties merely a mortgage upon certain personal property and real estate.   The defendants are husband and wife, and the plaintiff is a brother of the wife.   The learned referee before whom the case was tried has refused to grant the relief prayed for in the complaint against the wife, and has adjudged the mortgage instruments to be void as against her on the ground that she was induced to enter into them (1) by duress, and (2) by false representations.   The defense of duress was not pleaded, nor, in our opinion, was it established by the evidence.   There was no threat, and we have not been able to find any definition or decided case in which duress has been predicated upon such facts as were here proved.   No doubt the brother did represent to the wife that her husband had obtained his property by false representations, and no doubt he endeavored to get her to pledge her securities and real estate as security for its return; but he expressly denied that he threatened to prosecute the husband criminally, and we find no proof sufficient to sustain a finding to the effect that he avowed any such intention.

As to the alleged false representations which the learned referee has held operative to invalidate the mortgage; there was no allegation

in the answer of any misrepresentations having that effect. The only averment of the answer on that subject contained an admission that the wife owed the plaintiff $15,000, and alleged that the plaintiff represented to her that her husband was indebted to him for $15,000 more, which indebtedness was a legal charge and liability against her real estate, in consequence of which she made the mortgage for $30,-000, instead of $15,000. Upon this averment the claim of the wife was, not that the mortgage was wholly void, but only that it was without consideration to the extent of $15,000 representing the indebtedness of her husband to the plaintiff. The referee has found, however, that the mortgage was wholly void, not only on account of duress, but on account of this representation by the husband. It may be that the judgment could be sustained on this ground. if the pleading had been broad enough, in the view that the representations did not relate merely to a matter of law, but amounted to a false statement that facts existed creating a legal liability on the part of the husband. The trouble is, however, that no such issue was tried, there being no allegation in the answer to the effect that the transaction was wholly illegal on account of false representations, as has already been shown. The claim on this branch of the case was only that the mortgage was invalidated to the extent of one-half of the amount. Nor is the defendant Louise M. Schmieder helped out in this respect by the fact that proof tending to establish misrepresentations was received without objection that it was inadmissible under the pleading. Such proof was admissible for the purpose of establishing the alleged misrepresentations to the extent charged; that is, for the purpose of showing that the mortgage was only good for $15,000, instead of $30,000. But, in the absence of any intimation in the answer that a broader effect was to be claimed for the alleged misrepresentations, and in view of the express admission that the wife owed her brother $15,000, the referee was not authorized, under the pleadings, to adjudge the mortgage wholly void on the ground of misrepresentation in procuring it.

For these errors we deem it our duty to send the case back for a new trial, in advance of which the wife's answer may be amended, if she so elect, so as expressly to set out the defenses upon which she evidently relies.

Judgment reversed, and new trial granted; costs to abide the event.